UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
IRA DICK
on behalf of himself and
all other similarly situated consumers

                         Plaintiff,

       -against-


KOZENY, MCCUBBIN & KATZ LLP

                         Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Ira Dick seeks redress for the illegal practices of Kozeny, McCubbin & Katz LLP, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Mellvile, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Ira Dick*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about April 14, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.    The said letter was the Defendant's initial communication with the Plaintiff.

12.    Said letter misrepresented Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

13.    Section 1692g of the FDCPA provides:

a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14.    Said letter was void of any of the above mentioned validation rights.

15.    The least sophisticated consumer would assume from the said letter, that he has no option to dispute his debt or obtain verification of the debt.

16.    Said letter is false, deceptive and misleading.

17.    Defendant's April 14, 2016 letter violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt, misrepresenting Plaintiff's right to obtain verification of the debt, and for false and deceptive actions.

18.    The said April 14, 2016 letter was a payoff / reinstatement collection letter and was the Defendant's initial communication with the Plaintiff.

19.    The FDCPA is based upon the least sophisticated consumer standard.[1]

20.    The April 14, 2016 letter further stated the figures that the Defendant was owed:

"Total Unpaid Payments  $58,113.44
Foreclosure Attorney/ Trustee Fees  $2,595.00
Foreclosure Expense  $2,552.94
Grand Total  $63,261.38"

21.    The letter provided an "**IMPORTANT NOTICE**" which stated as follows: "It is only required that you pay the fees and costs actually incurred as of the date of your payment. If for whatever reason your payment includes any anticipated fee(s) or cost(s) or other item, but the actual amount due on the date of payment is less, <u>then any excess amount will be returned to you</u>. If your reinstatement amount tendered is less than the total

---

[1] See <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 34 (2d Cir. 1996) (citing <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993)). We ask whether "the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message."), <u>DeSantis v. Computer Credit, Inc.</u>, 269 F.3d 159, 161 (2d Cir. 2001) (quoting <u>Savino v. Computer Credit, Inc.</u>, 164 F.3d 81, 85 (2d Cir. 1998))

amount due on the date of your payment, <u>the lender or servicer reserves the right to reject your payment and continue with the legal process.</u>" Carlin v. Davidson Fink LLP, No. 15-3105-cv, 2017 U.S. App. LEXIS 5438 (2d Cir. Mar. 29, 2017). ("[T]he Payoff Statement does not specify what the "estimated fees, costs, [and] additional payments" are, and thus we cannot say whether those amounts are properly part of the amount of the debt. If [Defendant] improperly included fees and costs that it was not entitled to under the note (absent a judgment), the Payoff Statement would plainly be insufficient under § 1692g . . . The remaining inquiry is whether [Defendant] adequately stated the amount of the debt in the August Letter, as required by § 1692g. We conclude that it did not.")

22.    The letter also enclosed a "**Payment Coupon**".

23.    The Defendant did not provide an accurate and clear amount of the debt, as required by § 1692g(a)(I).   <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.</u>, 214 F.3d 872 (7th cir. 2000). (Not sufficient to state that unpaid principal balance of residential mortgage loan was $178,844.65, and that this did not include unspecified accrued but unpaid interest, unpaid late charges, escrow advances, and other charges authorized by loan agreement).

24.    The Defendant's figures did not indicate what those estimated fees, costs, or additional payments were, or how they were calculated.

25.    Section 1692g of the FDCPA provides:

a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt

26.    Absent fuller disclosure, an unsophisticated consumer may not understand how these fees are calculated, whether they may be disputed, or what provisions give rise to them.

27.    The figures above give no indication as to what the *un*-accrued fees are or how they are calculated; therefore the Plaintiff cannot deduce that information from the letter's statement.

28.    The said letter omits information which would allow the least sophisticated consumer to determine the minimum amount he owes at the time of the notice, what he will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.[2]

29.    Defendant's April 14, 2016 letter violated 15 U.S.C. § 1692g(a)(1), for failing to comply with the validation notice requirements, and in particular for failing to accurately state the amount of the debt owed by the Plaintiff.

30.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[2] Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. 2016). (A debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.)

35.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38.     As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

39.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (38) as if set forth fully in this cause of action.

40.     This cause of action is brought on behalf of Plaintiff and the members of a class.

41.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 14, 2016; and (a) the collection letter was

sent to a consumer seeking payment of a personal debt purportedly owed to Bank of America; and (b) the collection letter was returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(1), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt, misrepresenting Plaintiff's right to obtain verification of the debt, for failing to accurately state the amount of the debt and for false and deceptive actions.

42. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

46. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

47. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 6, 2017

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

# KOZENY, McCUBBIN & KATZ, L.L.P.

### ATTORNEYS AT LAW

40 Marcus Drive, Suite 200
Melville, New York 11747
Tel. (631) 454-8059

April 14, 2016

IRA DICK
580 CROWN STREET, APT 5, BROOKLYN, NY 11213
BROOKLYN, NY 11213

|  |  |
|---|---|
| RE: | Bank of America, N.A. |
| VS: | IRA DICK |
| Loan Number: | 124 |
| Property Address: | 580 CROWN STREET, APT 5, BROOKLYN, NY 11213 |
| KMK File #: | 4 |

Dear IRA DICK:

Please find the reinstatement quote requested. **These figures are only good through May 11, 2016.**

| | |
|---|---|
| Total Unpaid Payments | $58,113.44 |
| Foreclosure Attorney/ Trustee Fees | $2,595.00 |
| Foreclosure Expense | $2,552.94 |
| Grand Total | $63,261.38 |

**If you are unable to reinstate your loan by the good through date of this letter, you may contact our office to request an updated estimate, unless a foreclosure sale has occurred.** All funds tendered are subject to final verification by the note holder and are only accepted subject to such verification and collection thereof. Any funds deemed insufficient may be returned at the discretion of the note holder. The note holder retains the right to determine what is or is not full reinstatement of the loan. Neither Kozeny, McCubbin & Katz LLP, its employees, agents or principals nor the note holder, its employees, agents, assigns or principals are responsible for funds that are lost or otherwise not received. Nothing in this communication represents an agreement to postpone or cancel the foreclosure process.

During this time, additional fees and costs may be incurred, including but not limited to, title reports/curative fees, recording/filing fees, newspaper publication costs and attorneys' fees. We strongly encourage you to contact our office for an updated amount 24-hours prior to tendering funds. Failure to tender the entire amount owed may cause the funds to be rejected.

**IMPORTANT NOTE:** It is only required that you pay the fees and costs actually incurred as of the date of your payment. If for whatever reason your payment includes any anticipated fee(s) or cost(s) or other item, but the actual amount due on the date of payment is less, <u>then any excess amount will be returned to you.</u> If your reinstatement amount tendered is less than the total amount due on the date of your payment, <u>the lender or servicer reserves the right to reject your payment and continue with the legal process.</u>

In order to reinstate your account, provide US $63,261.38 by way of certified funds (cashier's check, certified check, money order) made payable to **Bank of America, N.A.** by the good through date stated in this letter.

Sincerely,

KOZENY, MCCUBBIN & KATZ, LLP

This communication is an attempt to collect a debt, and any information obtained will be used for this purpose.

----------------------------------------------Cut Here----------------------------------------------

# Payment Coupon

April 14, 2016

IRA DICK
580 CROWN STREET, APT 5, BROOKLYN, NY 11213
BROOKLYN, NY 11213

KMK # [      ] 4

**IMPORTANT**

Remit payment in the amount of US $63,261.38 prior to the good through date listed in this letter made payable to **Bank of America**. Payment should be mailed to

**Bank of America**
**Retail Payment Services**
**Mail Code: DES-023-03-04**
**Christiana III**
**900 Samoset Drive**
**Newark, DE 19713**

We recommend sending your payment by delivery in person or over night delivery with a tracking number for your records.

To insure prompt processing of your payment this coupon must be returned with your payment.

**WE WILL ONLY ACCEPT CERTIFIED CHECKS, MONEY ORDERS, OR CASHIER'S CHECKS.**